IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02138-SBP

DEDRICK HARRIS,

    Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,
KAYLA SUE LEE,
GB FISH & CHIPS,
TRACY DUNLAP,
CAD INTERFACE,
NICOLE HARTNER, Badge # 2151, and
CAROL KARWOSKI, Badge #6329,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT

---

    Plaintiff Dedrick Harris currently resides in Denver, Colorado. On August 22, 2023, he filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form*)* (ECF No. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4). Unprompted, on September 7, 2023, Plaintiff filed an Amended Complaint (ECF No. 7). And, again unprompted, on October 3, 2023, he filed a Second Amended Complaint (ECF No. 16), which is the operative pleading.

1

The Court construes the Second Amended Complaint liberally because Plaintiff is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.  For the reasons discussed below, Plaintiff will be directed to file a Third Amended Complaint.

**I. The Second Amended Complaint**

Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 16 at 5).  As to the specific federal statues at issue, Plaintiff states: "42 U.S.C. 1983 Deprivation of Rights," "18-3-303 false imprisonment," "18-13-105 Defamation," and 18-18-404 Official Misconduct." (*Id.*).  He names the Lakewood Police Department, the Jefferson County District Attorney's Office, two Lakewood Police Officers (Hartner and Karowski), GB Fish & Chips (a restaurant), and two individuals, Kayla Sue Lee and Tracy Dunlap, who are apparently employees at the GB Fish & Chips restaurant, as Defendants.  He also names an unknown entity, "the CAD Interface," as a Defendant.  He asserts three claims, which he titles: (1) "42 U.S.C. 1983[;] 18-3-303 False Imprisonment;" (2) "18-13-105 Defamation;" and (3) "42 U.S.C. § 1983 Deprivation of Right[;] 18-8-404 Official Misconduct." (ECF No. 16 at 6-8).

Plaintiff's allegations are confusing.  According to Plaintiff, on November 11, 2022, Defendant Kayla Sue Lee called the Lakewood Police Department and reported that her coworker, Defendant Tracy Dunlap, had informed her that Plaintiff tried to contact her. (ECF No. 16 at 8).  Plaintiff's confusing allegations continue as follows:

> Tracy Dunlap and Kayla Sue Lee are coworkers that use drugs together was [sic] upset because I found kayla [sic] Sue Lee took the ID and other information and gave it to ICCS without permission called [sic] each other and texted each other coming up with story for false police report after Kayla had to return Back to community corrections.

(*Id.*).

To support Plaintiff's defamation claim, he alleges that "Kayla Sue Lee and all her colleagues at GB Fish and Chips filed a false police report due to personal relationships outside of Community Corrections.  They were upset because Kayla had to be returned to Community Corrections." (*Id.* at 6).

Plaintiff's § 1983 "official misconduct" claim, which he asserts pursuant to "18-8-404," includes the following supporting factual allegations in their entirety:

> Jefferson County District Attorneys Office after reading the police report that was filed seen [sic] that clearly form the start that I had nothing to do with contacting or be in [sic] any area that Kayla Sue Lee or any coworkers be in [sic] due to drug activity and my work schedule.  This office had knowledge of Lee being sent back to Community Corrections due to her history of lies.

(ECF No. 16 at 6).

Finally, Plaintiff alleges that Defendants Hartner, CAD Interface, and Karwoski:

> [t]ook a false police report and after calling my place of employment to find that we work from 6AM to 6PM [sic] no breaks and is [sic] not allowed to use our personal phones.  They were also told that if we had to use the phone we would need a supervisor and that no supervisor gave permission.  They used this same information to have a warrant issued for my arrest.  This arrest warrant even stated that I was armed and dangerous after Kayla Sue lied saying that I was following her when there was a GPS on me from Denver.
>
> Jefferson County District Attorneys Office was made aware of Kayla Sue

3

> Lee telling lies from the lies that she told to ICCS. I explained that Kayla Sue Lee is mad because she had to return to the halfway house and how she stayed out using drugs with coworkers and was using me as an escape. I showed text message proving that I would get upset due to her drug use. I was told by the District Attorney she was not ready to give up on the case. I showed emails showing that Kayla Sue Lee is a known liar and all this is about her stealing my son [sic] information. This District Attorneys Office was granted time for officers to come back from vacation to take the stand. A week before trial all charges was [sic] dismissed.

(*Id.* at 7). Plaintiff requests damages. (*Id.* at 9).

## II. Discussion

The Complaint is deficient for numerous reasons.

### A. Rule 8

First, the Complaint is deficient because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in

4

analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Plaintiff's Complaint does not comply with Rule 8 because it does not provide a short and plain statement of his claims showing that he is entitled to relief.  The allegations are vague, confusing, and conclusory.  Plaintiff must file an amended pleading that complies with Rule 8.

### B.  42 U.S.C § 1983

Plaintiff asserts that his claims are based, at least in part, on 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  "[T]he under-color- of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).  Plaintiff fails to allege facts that demonstrate Defendants GB Chip and Fish restaurant and the two individuals, Kayla Sue Lee and Tracy Dunlap, were acting under color of state law.

### C. Personal Participation

In addition, personal participation is an essential element of a civil rights action. Allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing individual liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important **that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom,* . . . as distinguished from collective allegations.** When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal citations and quotation marks omitted). "To establish personal participation, plaintiff must show that each individual defendant caused the deprivation of a federal right." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each individual defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional

conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

Based on these standards, Plaintiff must clearly identify what legal right or rights each defendant violated, what each defendant did or failed to do, and when such conduct occurred. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### D. Eleventh Amendment

Further, Plaintiff is asserting claims against the Jefferson County District Attorney's Office, which is an arm of the State of Colorado. *See Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1126 (D. Colo. 2014) ("[T]he weight of state and federal case law finds that the District Attorney's Office is an arm of the State of Colorado, and thus protected from suit by the Eleventh Amendment."), *aff'd in part, appeal dismissed in part,* 810 F.3d 750 (10th Cir. 2016).  The State of Colorado, its entities, and state officials sued in their official capacities, are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an

unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).

The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Thus, Plaintiff's claim for damages against the Jefferson County District Attorney's Office is barred by the Eleventh Amendment.

### E.  Municipal Liability

Plaintiff's claims against the Lakewood Police Department and the Lakewood Police Officers, to the extent they are sued in their official capacities, are construed as claims against the municipality itself, the City of Lakewood. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  To state a cognizable claim against a municipality like the City of Lakewood, Plaintiff must allege specific facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Local government entities are not

liable under § 1983 solely because their employees inflict injury on a plaintiff. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996). Further, Plaintiff cannot state a claim for relief against a municipality under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at 694.

### F. False Imprisonment

Plaintiff asserts a claim of false imprisonment. If he is attempting to assert a constitutional claim based on false imprisonment, the precise nature of his claim is not clear. "A plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). If the plaintiff has been imprisoned "without legal process," a claim for false arrest or false imprisonment may arise under the Fourth Amendment. *Id*. If imprisoned "with legal but wrongful process," the plaintiff may have a claim for malicious prosecution under the Fourth Amendment. *Id.*; *see also Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016) (plaintiff may assert § 1983 malicious prosecution claim under the Fourth Amendment). In this context, the initiation of "legal process" means a finding of probable cause. *See Hale v. Duvall*, 268 F. Supp. 3d 1161, 1165 (D. Colo. 2017) ("[W]hile Tenth Circuit law allows for Fourth Amendment violations after a

finding of probable cause - also known as following the initiation of 'legal process' - such claims must be brought and analyzed as malicious prosecution claims.").

The Tenth Circuit has explained the difference between a § 1983 claim for false arrest or false imprisonment and a § 1983 claim for malicious prosecution as follows:

> What separates the two claims? - the institution of legal process. Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace [v. Kato]*, 549 U.S. [384,] 389, 127 S. Ct. 1091, 166 L.Ed.2d 973 [(2007)] (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck [v. Humphrey]*, 512 U.S. [477,] 484, 114 S. Ct. 2364, 129 L. Ed.2d 383 [(1994)] (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (footnote omitted).

A § 1983 claim for malicious prosecution includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). To satisfy the favorable termination element, Plaintiff must allege facts to "show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).

Courts examining false imprisonment claims under § 1983 look to the common law as a "starting point," but the "'ultimate question' is the existence of a constitutional

violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1290 (10th Cir. 2004) (citing *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996); *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)).  In Colorado, "'false imprisonment is an unlawful restraint upon a person's freedom of locomotion, or the right to come and go when or where one may choose.'" *Scott v. Hern*, 216 F.3d 897, 915 (10th Cir. 2000) (quoting *Blackman v. Rifkin*, 759 P.2d 54, 58 (Colo. Ct. App. 1988)).  The tort of false imprisonment rises to the level of a constitutional violation when the arrest is not supported by probable cause. *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) ("In the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime.").

If Plaintiff intends to pursue a constitutional false arrest claim, he must adequately identify the claim and assert supporting factual allegations.

Plaintiff is informed that he may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.  The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, a Third Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current court-approved Complaint form when filing his Third Amended Complaint.  Court-approved

forms and applicable instructions can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a Third Amended Complaint as directed within the time allowed, this action may be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 9) and Summons Request (ECF No. 11) are denied as premature because this case is initial review pursuant to D.C.COLO.LCivR 8.1(a). It is

FURTHER ORDERED that Plaintiff's Motion for Status Update (ECF No. 17) is DENIED as moot because this Order provides the current status of the action. It is

FURTHER ORDERED that any service of process on Defendants is premature because this case is initial review pursuant to D.C.COLO.LCivR 8.1(a). If this case is drawn to a presiding judge, the Defendants will be served by the United States Marshals Service. Defendants shall not file an answer or other responsive pleading in this action pending the Court's completion of initial review. It is

FURTHER ORDERED that any requests for discovery are premature because this case is initial review.

DATED November 2, 2023.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge