IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02138-LTB-SBP

DEDRICK HARRIS,

      Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,
KAYLA SUE LEE,
GB FISH & CHIPS,
TRACY DUNLAP,
CAD INTERFACE,
NICOLE HARTNER, Badge # 2151, and
CAROL KARWOSKI, Badge #6329,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Second Amended Complaint (ECF No. 16) filed *pro se* by Plaintiff on October 3, 2023. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 20)[1].

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved

The Court must construe the Second Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date.  The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises.  It is recommended that the Second Amended Complaint be dismissed without prejudice.

## I.  Factual and Procedural Background

Plaintiff Dedrick Harris currently resides in Denver, Colorado.  On August 22, 2023, he filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form*)* (ECF No. 2).  Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4).  Unprompted, on September 7, 2023, Plaintiff filed an Amended Complaint (ECF No. 7).  And, again unprompted, on October 3, 2023, he filed a Second Amended Complaint (ECF No. 16).

On November 2, 2023, the Court ordered Plaintiff to file a Third Amended Complaint. (ECF No. 18).  Specifically, he was directed to file a Third Amended Complaint that complied with Rule 8 of the Federal Rules of Civil Procedure, that only asserted § 1983 claims against defendants who were acting under color of state law, that adequately alleged the personal participation of the defendants, that did not assert claims barred by Eleventh Amendment immunity, that adequately alleged municipal liability, and that adequately identified and alleged

---

party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

a claim of false arrest if he wished to assert such a claim. (*Id.*).  He was warned that if he failed to file a Third Amended Complaint as directed within the time allowed, the action could be dismissed without further notice. (*Id.*).  He has failed to file a Third Amended Complaint as directed within the time allowed.  Thus, the Second Amended Complaint (ECF No. 16), filed on October 3, 2023, is the operative pleading.

## II. Second Amended Complaint

In the Second Amended Complaint, Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 16 at 5).  As to the specific federal statues at issue, Plaintiff states: "42 U.S.C. 1983 Deprivation of Rights," "18-3-303 false imprisonment," "18-13-105 Defamation," and 18-18-404 Official Misconduct." (*Id.*).  He names the Lakewood Police Department, the Jefferson County District Attorney's Office, two Lakewood Police Officers (Hartner and Karowski), GB Fish & Chips (a restaurant), and two individuals, Kayla Sue Lee and Tracy Dunlap, who are apparently employees at the GB Fish & Chips restaurant, as Defendants.  He also names an unknown entity, "the CAD Interface," as a Defendant.  He asserts three claims, which he titles: (1) "42 U.S.C. 1983[;] 18-3-303 False Imprisonment;" (2) "18-13-105 Defamation;" and (3) "42 U.S.C. § 1983 Deprivation of Right[;] 18-8-404 Official Misconduct." (ECF No. 16 at 6-8).

Plaintiff's allegations are confusing.  According to Plaintiff, on November 11, 2022, Defendant Kayla Sue Lee called the Lakewood Police Department and reported that her coworker, Defendant Tracy Dunlap, had informed her that Plaintiff tried to contact her. (ECF No. 16 at 8).  Plaintiff's confusing allegations continue as follows:

> Tracy Dunlap and Kayla Sue Lee are coworkers that use drugs together was [sic] upset because I found kayla [sic] Sue Lee took the ID and other information and

> gave it to ICCS without permission called [sic] each other and texted each other coming up with story for false police report after Kayla had to return Back to community corrections.

(*Id.*).

To support Plaintiff's defamation claim, he alleges that "Kayla Sue Lee and all her colleagues at GB Fish and Chips filed a false police report due to personal relationships outside of Community Corrections. They were upset because Kayla had to be returned to Community Corrections." (*Id.* at 6).

Plaintiff's § 1983 "official misconduct" claim, which he asserts pursuant to "18-8-404," includes the following supporting factual allegations in their entirety:

> Jefferson County District Attorneys Office after reading the police report that was filed seen [sic] that clearly form the start that I had nothing to do with contacting or be in [sic] any area that Kayla Sue Lee or any coworkers be in [sic] due to drug activity and my work schedule. This office had knowledge of Lee being sent back to Community Corrections due to her history of lies.

(ECF No. 16 at 6).

Finally, Plaintiff alleges that Defendants Hartner, CAD Interface, and Karwoski:

> [t]ook a false police report and after calling my place of employment to find that we work from 6AM to 6PM [sic] no breaks and is [sic] not allowed to use our personal phones. They were also told that if we had to use the phone we would need a supervisor and that no supervisor gave permission. They used this same information to have a warrant issued for my arrest. This arrest warrant even stated that I was armed and dangerous after Kayla Sue lied saying that I was following her when there was a GPS on me from Denver.

> Jefferson County District Attorneys Office was made aware of Kayla Sue Lee telling lies from the lies that she told to ICCS. I explained that Kayla Sue Lee is mad because she had to return to the halfway house and how she stayed out using drugs with coworkers and was using me as an escape. I showed text message proving that I would get upset due to her drug use. I was told by the District Attorney she was not ready to give up on the case. I showed emails showing that Kayla Sue Lee is a known liar and all this is about her stealing my son [sic]

4

information.  This District Attorneys Office was granted time for officers to come back from vacation to take the stand.  A week before trial all charges was [sic] dismissed.

(*Id.* at 7).  Plaintiff requests damages. (*Id.* at 9).

## III. Discussion

The Second Amended Complaint does not comply with Rule 8 because it does not provide a short and plain statement of Plaintiff's claims showing that he is entitled to relief. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Plaintiff's Second Amended Complaint does not comply with Rule 8 because it does not provide a short and plain statement of his claims showing that he is entitled to relief.  The allegations are vague, confusing, and conclusory.  Further, as Plaintiff was notified in the November 2, 2023 Order to Amend, the Second Amended Complaint: (1) asserts § 1983 claims

against some defendants who were not acting under color of state law, (2) fails to allege the personal participation of each named defendant; (3) asserts claims for damages against the Jefferson County District Attorney's Office, which are barred by the Eleventh Amendment; (4) fails to adequately allege municipal liability for claims asserted against the Lakewood Police Department and the Lakewood Police Officers, to the extent they are sued in their official capacities; and (5) fails to adequately allege a false imprisonment claim.  Thus, it is recommended that the Second Amended Complaint be dismissed without prejudice for failure to comply with Rule 8.

Accordingly, it is

RECOMMENED that Plaintiff's Second Amended Complaint (ECF No. 15) and this action be DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED December 7, 2023

BY THE COURT:

Susan Prose
United States Magistrate Judge